IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Kimberly B. Winburn, ) | |
| ) | Civil Action No. 4:11-3527-RBH |
| Plaintiff, ) | |
| ) | **O R D E R** |
| vs. ) | |
| ) | |
| Progress Energy Carolinas, Inc., ) | |
| and Prudential Insurance of ) | |
| America, ) | |
| Defendants. ) | |
| _____) | |

Pending before the Court in this ERISA action is Plaintiff's [29] Motion to Supplement the Record and to Permit Plaintiff to Serve Requests to Admit. This action was filed in state court on November 18, 2011. The Complaint alleged causes of action for (1) a declaratory judgment that Defendants are liable to Plaintiff for $400,000 in Accidental Death and Dismemberment insurance; (2) breach of contract; and (3) specific performance/equitable payment of benefits. Defendants removed the case to this court and alleged federal jurisdiction on the basis of diversity and also federal question jurisdiction on the basis that Plaintiff's claims are, in whole or in part, preempted by ERISA. An ERISA Case Management Order was filed on January 19, 2012.

On June 4, 2012, Plaintiff filed an Amended Complaint alleging causes of action for (1) declaratory judgment, (2) breach of contract/misrepresentation/failure to pay benefits, (3) ERISA § 502(a)(1)(B) "Recovery of benefits due provision, and (4) ERISA § 502(a)(3) "Appropriate Equitable Relief" Provision. Plaintiff also filed her Answers to the Court's Specialized Interrogatories. Both defendants filed Answers to the Amended Complaint. The parties filed a Joint Certification on August 7, 2012.

The plaintiff alleges that she was an employee of Defendant Progress Energy and was an insured under a group plan administered by Defendant Prudential. The plan permitted employees to purchase Optional Accidental Death and Dismemberment (AD&D) insurance on the lives of family members. She purchased coverage for her husband, Roger Winburn. Roger was killed in a motorcycle accident while intoxicated on May 11, 2008. Coverage was denied based on an alleged intoxication exclusion. Plaintiff contends that the "certificate of insurance" which she was given in 2001 when she enrolled Roger in the plan did not contain such an exclusion and that she was not notified that the terms of the plan had changed until after Roger's death. She also alleges that Progress Energy affirmatively informed employees in 2005 that the AD&D coverage "will not be changed." (Amended Complaint, ECF No. 13, p. 2, ¶ 8).

Plaintiff requests the Court to allow her to supplement the record with an affidavit which was not presented to the plan administrator during the administrative review. Her attorney did submit a letter containing her legal arguments. The proposed affidavit outlines the plaintiff's version of the facts of the case, including the various communications that she received from the plan and when they were received. In ¶ 22, she avers that she relied to her detriment on the information that she was provided. Plaintiff also requests leave to serve Requests to Admit on the defendants which relate to the various notices that they sent her. In support of her motion, Plaintiff asserts:

> The Administrative Record in this case is an inadequate resource for the Court to examine pertinent facts and circumstances regarding Plaintiff's equitable claims. The Administrative Record in this case was compiled solely by the Defendants using their own documents and their own analysis, and was based solely on facts the Defendants deemed to be significant. In fairness to Plaintiff, the equitable claims alleged under her June 4, 2012 Amended Complaint should also be reviewed from her perspective as described in her attached affidavit.

ECF No. 29, p. 5.

Defendant Prudential argues that Plaintiff's requests are untimely and that any affidavit should have been submitted during the administrative process. It also asserts that, under the abuse of discretion standard[1], the court must only consider the administrative record. In the alternative, it asserts that if the affidavit is considered, then she should be deposed so as to allow for cross-examination. Prudential further contends that any supplementation of the record would require a remand so that the new evidence could be considered by the claims administrator.

Defendant Progress Energy ("Progress") makes similar arguments and also contends that, if the court allows supplementation of the record, the case should be remanded to the administrator for further evaluation. It also refers to the Court's Specialized Case Management Order (ECF No. 6), which provides: "Supplementation of the record after the certification is filed with the court will not be allowed absent consent or upon showing good cause for the delay in production." (At the time the Joint Certification was filed, Progress gave Plaintiff various notices on which it would rely.) Progress also contends that the only parts of the proffered affidavit that are not already in the record are Paragraphs 2 and 22. (In paragraph 2, plaintiff alleges that her husband had attempted to stop drinking unsuccessfully. In paragraph 22, she states that, had she known about the exclusion, she would have sought coverage from another company.) Finally, Progress contends that, in the requests to admit, Plaintiff merely seeks to authenticate the various documents in the record. Progress contends that, if the plaintiff's motion is granted, then it should also be allowed to conduct

---

[1] The plan provides in Section 3.2a for the duties and powers of the Plan Administrator: "Complete discretionary authority to construe and interpret this Plan and/or the applicable component Plans including, without limitation, determining an Employee's eligibility to participate in and receive benefits under one or more of the applicable Plans. . ." (ECF No. 37-1, p. 7).

discovery.

Plaintiff responds that the purpose of filing the affidavit is to support her equitable claims under (a)(3), as recognized in *CIGNA Corp. v. Amara*, 131 S.Ct. 1866 (2011) and applied in *McCravy v. Metropolitan Life Ins. Co*., 690 F.3d 176 (4th Cir. 2012).  She asserts that the default standard of review is *de novo* and that the only exception is for (a)(1)(B) appeals.  She asserts that the *de novo* standard should apply in claims for equitable remedies under (a)(3).  She also asserts that, if the *Quesinberry* case discussed below applies, then "extraordinary circumstances" exist to authorize the court to admit the affidavit.

The seminal case in the Fourth Circuit on consideration of additional evidence in the district court in ERISA cases is *Quesinberry v. Life Ins. Co. of America*, 987 F.2d 1017 (4th Cir. 1993). The court cited *Firestone Tire and Rubber Co. v. Bruch*, 489 U.S. 101 (1989) for the proposition that, unless the plan gives the administrator discretionary authority to determine eligibility for benefits or construe the terms of the plan, the review by the district court is *de novo*.  (Prior to *Firestone*, the standard of review was whether the benefit denial was arbitrary and capricious.)  The Fourth Circuit held that courts conducting a *de novo* review "should review only the evidentiary record that was presented to the plan administrator or trustee except where the district court finds that additional evidence is necessary for resolution of the benefit claim." 987 F.2d at 1026-1027.

> Exceptional circumstances that may warrant an exercise of the court's discretion to allow additional evidence include the following: claims that require consideration of complex medical questions or issues regarding the credibility of medical experts; the availability of very limited administrative review procedures with little or no evidentiary record; the necessity of evidence regarding interpretation of the terms of the plan rather than specific historical facts; instances where the payor and the administrator are the same entity and the court is concerned about impartiality; claims which would have been insurance contract claims prior to ERISA; and circumstances in which there is additional evidence that the claimant could not have presented in the administrative process.

4

*Id*. at 1027.

The *Quesinberry* court further states that this list of factors is not exhaustive and that in determining whether to grant a motion to supplement the record the court should "address why the evidence proffered was not submitted to the plan administrator." *Id*.

In *Israel v. Prudential Ins. Co. of America*, No. 7:11-793-TMC, 2012 WL 3116544 (D.S.C. July 31, 2012), United States District Judge Timothy M. Cain applied *Amara* and *McCravy* in denying the defendant's motion to strike a supplemental affidavit by the plaintiff because he did not submit it during the administrative process. The court also cited the standards established in *Quesinberry*. The court noted that the plaintiff asserted that he did not include the supplemental affidavit during administrative review because he did not "see its relevance to that process. However, in light of the Supreme Court's decision in . . . *Amara* and the Fourth Circuit's interpretation in *McCravy* . . ., the issue of equitable relief is now present in this case. The facts alleged in the supplemental affidavit go to the heart of the equitable relief issue. Therefore, the court finds the 'circumstances clearly establish the [this] additional evidence is necessary' to determine the outcome in this case." *Israel*, 2012 WL 3116544 at * 4. The plan in *Israel* did not provide for discretion by the trustee, so the court conducted a *de novo* review.

The Fourth Circuit has apparently not decided the issue of the scope of discovery in an (a)(3) case. An excellent discussion of the issue is found in *Malbrough v. Kanawha Ins. Co*., No. 2:11 CV 1842, 2013 WL 1818032 (W.D. La. April 29, 2013) a case that cited *McCravy* with approval. The court in *Malbrough* quotes *Jensen v. Solvay Chemicals, Inc*., 520 F.Supp.2d 1349 (D. Wyo. 2007), as follows:

Case law does not constrain discovery under ERISA [ § 1132(a)(3) ] actions. . . The

> limited discovery ordered by [the magistrate judge] . . . is limited to claims arising under ERISA [ § 1132(a)(1)(B) ] . . . This is logical as these actions do not benefit from the administrative process. Courts are not required to give deference to plan committees or fiduciaries in [ § 1132(a)(3) ] actions and therefore limitations to the administrative record are not required . . . Section [1132(a)(3) ] actions are to enforce rights not arising under ERISA plans, but rather arising from ERISA itself. . . Therefore, a finding that claims arise from ERISA [ § 1132(a)(3) ] reverts discovery into the traditional realm and is governed under traditional federal, circuit, and local procedure.

*Id*. at * 7.

The court also cites other district courts which have allowed discovery in breach of fiduciary duty cases: *Mainieri v. Bd. of Trustees of Operating Engineer's Local 825 Pension Fund*, No. 07-1133, 2008 WL 4224924 (D.N.J., Sept. 10, 2008); *Jackson v. Rohm & Haas Co*., No. 05-4988, 2007 WL 2916396, at *1 (E.D. Pa. Oct. 1, 2007); *Kulkarni v. Metropolitan Life Ins. Co*., 187 F.Supp.2d 724, 728 (W.D. Ky. 2001). *See also*, *Cress v. Georgia-Pacific, LLC*, No. 6:08cv00005, 2008 WL 3895796 (W.D. Va. July 9, 2008), decided before *Amara*, which was a breach of fiduciary duty case under ERISA. ("The cases defendants cite in support of their motion to limit discovery to the administrative record are ERISA claims confined to denial of benefits under § 502(a)(1)(B) of the Act. . . None of these cases involve an ERISA fiduciary withdrawing benefits and seeking to recover previously overpaid benefits or involve claims under § 502(a)(3)(B). Because this is precisely plaintiff's situation and his complaint contains equitable claims raised under § 502(a)(3)(B), a limited amount of discovery outside of the administrative record is appropriate.") *See also*, *Terry v. Northrop Grumman Health Plan*, Civil Action No. 1:12-CV-263, 2012 WL 4056739 at *2 (M.D. Pa. Sept. 14, 2012)("Where disputed factual issues define a breach of fiduciary duty claim, we believe that limited discovery pertaining solely to the issues of breach of fiduciary duty may be appropriate."); *Sconiers v. First Unum Life Ins. Co*., 830 F.Supp.2d 772, 778

(N.D. Ca. 2011)("This order finds that discovery into plaintiff's communications with defendants regarding her disability claim is warranted.[2]")

In the case at bar, the administrative appeal process occurred in 2008 and 2009, before the *Amara* and *McCravy* cases were decided. (ECF No. 39, p. 6) The Joint Certification was filed on August 7, 2012, shortly after *McCravy* was decided on July 5, 2012 and *Israel* was decided on July 31, 2012. Plaintiff has shown "good cause" under the case management order for the delay in moving to supplement the record. *Quesinberry* involved only a claim for benefits under § 502(a)(1)(B), not a claim for equitable relief under § 502(a)(3).

The plaintiff's affidavit sets forth facts from the plaintiff herself and not her attorney supporting her position that Defendants failed to disclose the intoxication exclusion to her or affirmatively misrepresented to the plaintiff that the AD&D coverage terms delivered to her in 2001 were still in force. The requests to admit can help narrow the issues and establish when and if certain notices were sent or not sent to the plaintiff.

After careful consideration of this matter, the Court finds that the record should be supplemented with the plaintiff's affidavit. In addition, limited discovery should be allowed only regarding the (a)(3) claim for equitable relief. Plaintiff is allowed to serve the proposed Requests to Admit on the defendants. Also, the defendants are allowed to depose the plaintiff, such deposition to be concluded within sixty (60) days. In light of this Court's ruling allowing the plaintiff her limited discovery and also allowing the defendants to depose her, the Court believes this should

---

[2] The court allowed Plaintiff to serve twenty narrow interrogatories and thirty narrowly drawn document requests. The court required that the discovery be limited to certain issues including the company's methods for providing notice of the policy and Plaintiff's communications with the defendants concerning which policy governed her long-term disability claim.

7

satisfy Defendants' discovery needs.  However, should they believe additional discovery is necessary, they should contact opposing counsel to attempt to resolve the situation or file a request with the Court setting forth any additional limited discovery they believe is necessary.

After conclusion of discovery, the case shall be remanded back to the plan administrator for consideration of the effect, if any, of the new evidence resulting from this discovery on the administrator's decision as to the terms of the plan which governs this claim and as to the merits of the claim.  The case in this Court shall be stayed pending the administrative process remand.  The administrator shall complete its review by December 31, 2013 and counsel shall notify this Court of the decision.

AND IT IS SO ORDERED.

July 25, 2013                              s/R. Bryan Harwell
Florence, SC                               R. Bryan Harwell
                                           United States District Judge